Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing and in a Pre-Trial Agreement submitted prior to the hearing as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant on September 2, 1991, and December 3, 1991.
3. At all times pertinent to this claim, defendant was a duly qualified self-insurer.
4. A Form 22 and a series of medical reports listed in the Pre-Trial Agreement are stipulated into evidence.
5. Both parties stipulate that plaintiff has not worked in any employment since October 27, 1992.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff, prior to her last day of work, had been employed with defendant for twelve years.
2. Plaintiff had a significant history of prior back injury. Dr. Stephen Boone removed a herniated disc in 1986. In 1988, plaintiff had a second surgery performed by Dr. Carroll Mann to repair disc herniation.
3. Plaintiff returned to work three months following the back surgery in 1988 but continued to experience back pain. Plaintiff was treated with medication. Plaintiff used Percocet on a daily basis for several years.
4. Prior to September 2, 1991, plaintiff had degenerative disc disease and arachnoiditis. However, with medication, plaintiff was able to continue to perform her job duties for defendant.
5. Plaintiff was treated for her back pain by Dr. Clay Noble, who referred her to Dr. Kaspar Fuchs on August 27, 1991.
6. Plaintiff was first examined by Dr. Fuchs on September 10, 1991.
7. On September 2, 1991, as part of her job duties, plaintiff was carrying two boxes of shampoo. Plaintiff tripped over a conveyor belt and fell. As a result of this fall, plaintiff experienced pain in her hip, left leg, and back. Plaintiff did not seek immediate medical treatment. Plaintiff completed her assigned work shift.
8. Plaintiff attempted to report her incident to the personnel manager but could not find her. She reported the September 2, 1991 incident to a security guard.
9. Plaintiff next saw Dr. Fuchs on September 10, 1991, and on September 24, 1991. Plaintiff reported her September 2, 1991 fall to Dr. Fuchs on September 24, 1991.
10. On December 3, 1991, as part of her job duties, plaintiff was putting up stock. Plaintiff was standing on some boxes when she fell backwards onto the floor. Plaintiff experienced pain in her lower back. Plaintiff had a bruise on her left hip as a result of this incident. Plaintiff reported the December 3, 1991 incident to a security guard. Plaintiff did not seek immediate medical treatment. Plaintiff continued to work her regularly scheduled work shift.
11. Plaintiff showed the bruises she sustained as a result of her December 3, 1991 incident to Vickie Casper, who was employed as a supervisor with defendant.
12. As a result of the September 2, 1991, and December 3, 1991 incidents, plaintiff experienced chronic pain and weakness in her back and lower extremities.
13. As a result of the September 2, 1991, and December 3, 1991 incidents, plaintiff significantly aggravated her pre-existing back injuries.
14. On September 2, 1991, and December 3, 1991, plaintiff's average weekly wage was $324.00. This average weekly wage yields a compensation rate of $216.00 per week.
15. Plaintiff's last day of work for defendant was October 27, 1992. Plaintiff is now 60 years old. As a result of the incidents of September 2, 1991, and December 3, 1991 resulting in the aggravation of plaintiff's degenerative disc condition, plaintiff is and remains unable to work for defendant or earn wages in any other employment.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On September 2, 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment. G.S. § 97-2 (6).
2. On December 3, 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment. G.S. § 97-2 (6).
3. As a result of the September 2, 1991 and December 3, 1991 compensable injuries, plaintiff is entitled to temporary total disability compensation at the rate of $216.00 per week, from October 27, 1992, and continuing until further Order of the Industrial Commission. G.S. § 97-29.
4. Plaintiff is entitled to payment of all medical expenses incurred by plaintiff as a result of her compensable injuries of September 2, 1991, and December 3, 1991. G.S. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay plaintiff, on account of her compensable injuries, temporary total disability compensation at the rate of $216.00 per week from October 27, 1992, to the present and continuing until further Order of the Industrial Commission. Amounts which have accrued shall be paid to plaintiff in a lump sum, uncommuted, subject to an attorney fee provided below.
2. Defendant shall pay all medical expenses incurred, or to be incurred, as a result of plaintiff's compensable injuries of September 2, 1991 and December 3, 1991.
3. A reasonable attorney fee in the amount of twenty-five percent of the compensation benefits due plaintiff is approved. Of the accrued amount paid in a lump sum to plaintiff, defendant shall deduct twenty-five percent and forward that amount directly to plaintiff's counsel. For the balance of the attorney fee, defendant shall forward every fourth compensation check directly to plaintiff's counsel.
4. Defendant shall pay the costs.
 S/ __________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________________ LAURA K. MAVRETIC COMMISSIONER
S/ _________________________ J. RANDOLPH WARD COMMISSIONER
BSB:be